PER CURIAM.
This disciplinary proceeding by The Florida Bar against Walter F. Novak is presently before us on complaint of The Florida Bar and Report of the Referee. Pursuant to Rule 11.06(9) (b) of the Integration Rule of The Florida Bar, the Referee’s Report and record of the proceedings were duly filed with this Court. No petition for review pursuant to Rule 11.09, Integration Rule, has been filed.
The Florida Bar filed a complaint against respondent on August 23, 1972, alleging that Respondent had violated Canon 11, of the Canons of Professional Ethics, Canons 1 and 5 of the Code of Professional Responsibility and Disciplinary Rules 1-102 (A) (4) and 5-104(A).
Hearing was held on this matter on July 16, 1974, before the Referee who after considering all the pleadings, exhibits and evidence, made the following findings of fact:
“The Respondent, WALTER F. NO-VAK, became acquainted with MOLLY ROTHE having represented her in connection with an estate matter in 1957, he prepared one or more Wills for Mrs. Roth [sic] and represented her in connection with several other minor matters over the years.
“Mrs. Rothe, on or about August 2, 1971, contacted the Respondent advising him she had been ill and was confined to Jackson Manor Rest Home. Mr. Rothe requested the Respondent visit her in the *728 rest home for the purpose of discussing a Will and Respondent complied. Mrs. Rothe, who was 84 years old, related that she did not wish to leave any of her estate to her relatives but wished to leave the bulk of her estate to the Respondent. After the conference with Mrs. Rothe, the Respondent prepared a Will which was executed on August 4, 1971 which provided a bequest of $1,000 for a friend, $10,000 for the Cripple Children’s Society and the balance of her estate which amounted to approximately $40,000 to $50,000 was devised and bequeathed to the Respondent. The Respondent also prepared a Warranty Deed which Mrs. Rothe executed conveying the residence owned by Mrs. Rothe to the Respondent reserving a life estate to Molly Rothe. The deed was recorded on August 5, 1971. There was no indication on the face of the deed that the Respondent took title to the property as Trustee.
“The Respondent, thereafter, prepared a Trust Agreement which provided the Respondent was to take possession of the assets of MOLLY ROTHE, hold the same in trust to pay her bills and to see that she was properly cared for. The Trust provided the Respondent could make personal loans to himself and invest the corpus of the trust as he saw fit; that the Respondent was to pay himself $100 per week as caretaker plus attorneys’ fees; that any remaining assets at the time of the death of MOLLY ROTHE were to be placed in her estate. The Respondent was required to do very little work as Trustee or attorney, however, the Respondent did visit with MOLLY ROTHE quite often from approximately August 2, 1971 to August 17, 1971. The Respondent received from the trust compensation of approximately $2,100 and invested the funds of the trust by making a loan to himself and his wife of $24,500. On the same day, or shortly after the loan was made, the Respondent and his wife executed a promissory note for $24,500 with interest at the rate of 6%. The Respondent further placed Mrs. Rothe’s bank accounts in the joint names of MOLLY ROTHE and WALTER F. NOVAK without any statement of trust.
“In early September, MOLLY ROTHE became dissatisfied with the financial arrangements that she had made and with the assistance of the administrator of the nursing home, employed another attorney to assist her. On September 8, 1971, the Respondent filed a Petition in the County Judges’ Court, in and for Dade County, Florida to have MOLLY ROTHE declared incompetent and a Guardian appointed for her person and property. The Court, after hearing, denied the Petition for the Appointment of Guardian but MOLLY ROTHE’S new attorney, thereafter, presented a Voluntary Petition and a bank was appointed Guardian of the property of MOLLY ROTHE. The Respondent, after the Court required him to do so, produced an accounting which reflected the promissory note executed by himself and his wife and various disbursements. MOLLY ROTHE changed her Will by executing a new Will on October 1, 1971 leaving her assets to her relatives and excluding the Respondent. The Respondent voluntarily turned over all bank accounts and other assets to the Guardian of the property of MOLLY ROTHE and executed a deed joined by his wife, reconveying Molly Rothe’s residence to her. The Respondent repayed the note in full plus interest and has returned all the monies paid to him as attorney’s fees.
“MOLLY ROTHE died on November 18, 1972 and her estate was filed for probate and the Court probated her Last Will and Testament on October. 1, 1971. [sic]
There is considerable testimony in the record that MOLLY ROTHE was a very capable strong-willed individual *729 who carefully read everything she executed but that due to hearing difficulties, appeared to be confused and disoriented at times.”
The Referee recommends:
“ . . . [T]he Respondent be found guilty of violating Canon 11 of the Canons of Professional Ethics, Canon 5 of the Code of Professional Responsibility more particularly Disciplinary Rule 5.-104(A) and his Oath of Office as an attorney.”
and as to the disciplinary measures recommends :
“ . . . [T]hat the Respondent appear before the Supreme Court of the State of Florida and a public reprimand be administered.”
In making this recommendation as to discipline, the Referee asserted that he considered the following:
“A. The Complaint in this cause was filed on August 23, 1972 and a Response was made thereto on September 8, 1972. The delay occasioned from the date of the Response to the date of the trial of this matter is solely the responsibility of The Florida Bar as the Referee originally appointed in this matter failed and refused to act.
“B. The Respondent has not been guilty of any prior disciplinary offenses.
“C. There was no willful or intentional wrong doing on the part of the Respondent but a member of the Bar for more than twenty years should not have permitted his judgment to become obscured by personal gain nor to place himself in a position where he could not properly exercise his professional judgment to the best interest of his client.
“D. The Respondent readily admitted his errors and has made full reimbursement for all monies received.
“E. Subsequent to the Grievance Committee meeting on this matter, the Re-313 So.2d — 46Va spondent appears to have conducted himself properly.”
Relative the Respondent’s personal history, the Referee stated as follows:
“Before recommending the disciplinary measures to be applied, I considered that the Respondent is a graduate of the University of Miami College of Law, was admitted to The Florida Bar in 1952, the date of his graduation and is 53 years of age, currently practices in Dade County, Florida as a sole practitioner.”
The findings and recommendations of the Referee are hereby approved and this opinion shall constitute a public reprimand of Respondent as recommended by the Referee.
Execution is hereby directed to issue for costs against Respondent in the amount of $383.70.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.